UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| ROBERT BAGLEY, | |
| Plaintiff, | 10 Civ. 1592 (PGG) |
| -against- | ECF Case |
| J.P. MORGAN CHASE & CO., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PROPOSED JOINT PRETRIAL ORDER

Pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure and section 9(A) of this Court's Individual Practices, the parties in the above-captioned action respectfully submit this Proposed Joint Pretrial Order. Each party respectfully reserves the right to request leave of the Court to amend the information contained herein, upon reasonable notice to all other parties, should the facts and circumstances of the action so require.

I.     Caption.  The full caption of this action is set forth above.

II.    Contact Information for Trial Counsel.  The names, addresses, and telephone and fax numbers of trial counsel are as follows:

*Counsel for Robert Bagley:*

    Milton Williams, Jr.
    Jeremiah Iadevaia
    Vladeck, Waldman, Elias & Engelhard, P.C.
    1501 Broadway, Suite 800
    New York, New York 10036
    Phone: (212) 403-7300
    Fax: (212) 221-3172

475743 v1

*Counsel for JPMorgan Chase:*

>Robert Whitman
>John DiNapoli
>Seyfarth Shaw LLP
>620 Eighth Avenue
>New York, New York 10018
>Phone: (212) 218-5500
>Fax: (212) 218-5526
>
>Stacey L. Blecher
>JPMorgan Chase Legal & Compliance Department
>One Chase Manhattan Plaza, 26th Floor
>New York, New York 10081
>Phone: (212) 552-3814
>Fax: (212) 552-1630

III.    <u>Jurisdictional Statement.</u>

    **A.    Plaintiff's Statement Regarding Subject Matter Jurisdiction:**

Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over plaintiff Robert Bagley's claim of retaliation for his complaints of age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA").  The Court also has jurisdiction over Plaintiff's ADEA claims under 29 U.S.C. § 626(c).  The Court has supplemental jurisdiction over Plaintiff's retaliation claims for violations of the New York State Human Rights Law, Executive Law § 296 *et seq.* ("Executive Law"), and the Administrative Code of the City of New York, § 8-107 *et seq.* (the "City Law"), pursuant to 28 U.S.C. § 1367.

    **B.    Defendant's Statement Regarding Subject Matter Jurisdiction:**

JPMorgan Chase agrees that jurisdiction is proper in this case under 28 U.S.C. §§ 1331 and 1367.

2

IV.  Summary of Claims and Defenses to be Tried.

    A.  **Plaintiff's claims:**

Plaintiff claims that defendant violated the ADEA, the Executive Law, and the City Law by firing plaintiff in retaliation for his complaints of age bias. Those claims are to be tried. There are no claims previously asserted that are not to be tried.

    B.  **Defendant's defenses:**

Plaintiff did not, at any time during his employment with JPMorgan Chase, complain about age discrimination or express to management or Human Resources that the performance evaluation system applicable to his business unit in 2009 was being used to "weed out" older employees or otherwise perpetrate discrimination against company employees on the basis of age. As a result, Plaintiff did not engage in a "protected activity" on which a claim of retaliation must be premised. Nor was JPMorgan Chase ever aware of such protected activity by Plaintiff.

Even assuming that Plaintiff did engage in protected activity, such activity was not the determining factor in the decision to terminate his employment. Plaintiff was terminated because he refused to evaluate his staff's performance in accord with JPMorgan Chase's policies and guidelines.

V.  Statement of Elements or Categories of Damages.

    A.  **Plaintiff's damages:**

Plaintiff seeks damages resulting from defendant's retaliation against him for opposing discrimination based on age. These damages include wages and any and all benefits to which he would have been entitled had defendant not retaliated against him. Plaintiff's damages also include front pay, liquidated damages, compensatory and punitive damages, reasonable attorneys' fees and the costs of this action, pre-judgment interest and compensation for any adverse tax consequences.

475743 v1

Plaintiff seeks lost wages, including salary and incentive compensation, to date of over $261,000; lost benefits, including retirement, 401(k), and medical/disability benefits, of more than $90,000; reinstatement or, in the alternative, front pay of more than $1,155,000; compensation for adverse tax consequences of more than $15,000; prejudgment interest; compensatory and punitive damages to be determined by the jury; liquidated damages; and reasonable attorneys' fees and costs to be determined by the Court based on prevailing rates at the time of any such award.

      B.    **Defendant's response:**

In the event Plaintiff establishes liability, his purported economic damages are offset by his mitigation efforts (or lack thereof). Further, Plaintiff cannot recover liquidated or punitive damages because JPMorgan Chase made good-faith efforts to comply with the applicable anti-retaliation laws.

VI.    <u>Trial By Jury.</u>  The parties request a trial by jury. The parties estimate that it will take 5 days for trial.

VII.    <u>Trial By Magistrate Judge.</u>  The parties have not consented to the trial of this action by a Magistrate Judge.

VIII.    [*Intentionally skipped*.]

IX.    <u>Statement of Agreed Facts.</u>  The parties conferred in good faith and concluded that the limited stipulations of facts they could agree on would not be helpful in expediting the case. Therefore, it is respectfully submitted that any facts and law be determined by the trier of fact and the Court, respectively, during trial.

X.    <u>Witness Lists.</u>

      A.    **By Plaintiff:**

          1.    Robert Bagley (in person)

    2.    Letsie Bagley (in person)
    3.    Eric Carr (in person)
    4.    Anthony Tufano (in person)
    5.    Marie Gallicchio (in person and/or via deposition)
    6.    Charles Rossotto (in person and/or via deposition)
    7.    Mariela Recio (in person and/or via deposition)[1]
    8.    Jennifer Wheatley (in person and/or via deposition)[2]
    9.    Debbie Giles (in person and/or via deposition)
    10.   Willetta Rucker (in person and/or via deposition)[3]
    11.   Rosalind Trines (Vladeck, Waldman, Elias & Engelhard, P.C., legal assistant) (in person, if necessary, for demonstrative charts)

Plaintiff reserves the right to call as a witness any person identified on defendant's witness list and any additional witnesses relevant to the proceedings. Plaintiff also reserves the right to call witnesses not listed herein on Plaintiff's rebuttal case or for impeachment and to call custodian(s) of records, if necessary, with respect to exhibits.

**B.**     **By Defendant:**

    1.    Eric Carr (in person)
    2.    Marie Gallicchio (in person)
    3.    Mariela Recio (in person)
    4.    Anthony Tufano (in person)
    5.    Jennifer Wheatley (in person)

XI.    <u>Deposition Designations, Cross-Designations, and Objections.</u>

    **A.**    **By Plaintiff:**

Please see Appendix 1 attached.

---

[1] This individual, a JPMorgan employee, is located more than 100 miles from the Court. Defendant has stated, however, that it will make this individual available for Plaintiff to call as a witness during his case in chief. Accordingly, Plaintiff has not designated deposition testimony for this individual in Appendix 1 attached hereto.

[2] This individual, a JPMorgan employee, is located more than 100 miles from the Court. Defendant has stated, however, that it will make this individual available for Plaintiff to call as a witness during his case in chief. Accordingly, Plaintiff has not designated deposition testimony for this individual in Appendix 1 attached hereto.

[3] This individual, a JPMorgan employee, is located more than 100 miles from the Court. Defendant has stated, however, that it will make this individual available for Plaintiff to call as a witness during his case in chief. Accordingly, Plaintiff has not designated deposition testimony for this individual in Appendix 1 attached hereto.

  **B.** **By Defendant:**

At this time, JPMorgan Chase does not intend to designate any deposition transcript for use at trial except to the extent counter-designated in response to Plaintiff's designations.

XII. <u>Trial Exhibits.</u>

  **A.** **By Plaintiff:**[4]

Please see Appendix 2 attached.

  **B.** **By Defendant:**[5]

Please see Appendix 3 attached.

XIII. <u>*Voir Dire*, Requests to Charge & Verdict Forms.</u> A list of *voir dire* questions to be asked of prospective jurors, requests to charge, and a proposed verdict sheet are being filed separately with the Court today. Electronic copies of these documents are also being submitted to the Court via e-mail in .pdf and .doc format to Diana Reiter at *diana_reiter@nysd.uscourts.gov*.

XIV. <u>Motions *in Limine*.</u> JPMorgan Chase is submitting one motion *in limine*, which is being separately filed with the Court today.

---

[4] Plaintiff reserves the right to introduce additional exhibits for cross-examination and in rebuttal to Defendant's case and to introduce exhibits from Defendant's exhibit list.

[5] Defendant reserves the right to introduce additional exhibits for cross-examination and in rebuttal to Plaintiff's case and to introduce exhibits from Plaintiff's exhibit list.

XV. <u>Pre-trial Memoranda.</u>  The parties are filing their respective pre-trial memoranda separately with the Court on October 1, 2010.

Dated: New York, New York
September 24, 2012

Respectfully submitted,

VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.

By:  /s/ Milton Williams, Jr.
Milton Williams, Jr.
Jeremiah Iadevaia
1501 Broadway, Suite 800
New York, New York 10036
(212) 403-7300
mwilliams@vladeck.com
jiadevaia@vladeck.com

*Attorneys for Robert Bagley*
SEYFARTH SHAW LLP

By:  /s/ Robert Whitman
Robert Whitman
John DiNapoli
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
rwhitman@seyfarth.com
jdinapoli@seyfarth.com


JPMORGAN CHASE LEGAL & COMPLIANCE DEPARTMENT

By:  /s/ Stacey L. Blecher
Stacey L. Blecher
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3814
stacey.l.blecher@chase.com

*Attorneys for JPMorgan Chase & Co.*