UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
ROBERT BAGLEY,

              Plaintiff,             10 Civ. 1592 (PGG)

   -against-                     ECF Case

J.P. MORGAN CHASE & CO.,

              Defendant.
------------------------------------ x

## JOINT PROPOSED VERDICT SHEET

      The parties conferred in good faith and were not able to agree on a proposed joint verdict sheet.  The parties' separate proposals are provided below.  The parties respectfully refer the Court to their respective trial memoranda for a full discussion of their objections.

475749 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ROBERT BAGLEY,

                           Plaintiff,          10 Civ. 1592 (PGG)(RLE)

      - against -                 PLAINTIFF'S PROPOSED
                                                           SPECIAL VERDICT FORM

JP MORGAN CHASE & CO.,

                           Defendant.

-----------------------------------------------------------x

        Plaintiff Robert Bagley ("Bagley" or "plaintiff") and defendant J.P. Morgan Chase & Co. ("Chase" or "defendant"), having conferred among themselves, by and through counsel, respectfully submit this proposed Special Verdict Form for the jury's use.

        1.      Has Mr. Bagley established by a preponderance of the evidence that Chase terminated his employment because he opposed what he believed to be age discrimination?

                        Yes _____        No _____

*Proceed to Question 2.*

        2.      Has Mr. Bagley established by a preponderance of the evidence that his opposition to unlawful employment practices was a motivating factor in Chase's decision to terminate his employment?

                        Yes _____        No _____

*If you answered "Yes" to Questions 1 or 2, proceed to Question 3. If you answered "No" to each of Questions 1 and 2, do nothing further and report to the Court.*

        3.      State the amount of past lost wages, bonuses and benefits, if any, you award to Mr. Bagley:

                        $_____

*If you answered "Yes" to Question 2, proceed to Question 4. If you answered "No" to Question 2, proceed to the instructions immediately after Question 5.*

1

      4.       State the amount of compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-monetary losses, if any, you award to Mr. Bagley:

$$\$\underline{\hspace{2cm}}$$

*Proceed to Question 5.*

      5.       State the amount of punitive damages, if any, that you award to Mr. Bagley:

$$\$\underline{\hspace{2cm}}$$

*If you answered "Yes" to Question 1, proceed to Question 6.*

*If you answered "No" to Question 1, do nothing further and report to the Court.*

      6.       Has Mr. Bagley established by a preponderance of the evidence that Chase acted willfully in firing him because of his opposition to what he believed was age discrimination?

                      Yes _____           No _____

*You are finished with this form and may stop.*

_____
Foreperson

2

475749 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT BAGLEY,

                Plaintiff,

  -against-

J.P. MORGAN CHASE & CO.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10 Civ. 1592 (PGG)

ECF Case

### **DEFENDANT'S PROPOSED VERDICT SHEET**

*ALL JURORS* MUST AGREE ON THE ANSWERS TO THE FOLLOWING QUESTIONS.
REFER TO THE COURT'S INSTRUCTIONS IN REACHING YOUR ANSWERS.

**PART ONE**

1. Did Mr. Bagley prove by a preponderance of the evidence that he complained about age discrimination to either Anthony Tufano or Mariela Recio?

   **YES** ____   **NO** ____

   *If you answered "yes" please proceed to Question 2.*
   *If you answered "no" please do nothing further and report to the Court.*

2. Did Mr. Bagley prove by a preponderance of the evidence that Eric Carr knew about his complaint(s) regarding age discrimination or was acting on behalf of others who had such knowledge at the time he made the decision to recommend that Mr. Bagley's employment with JPMorgan Chase be terminated?

   **YES** ____   **NO** ____

   *If you answered "yes" please proceed to Question 3.*
   *If you answered "no" please do nothing further and report to the Court.*

3. Did Mr. Bagley prove by a preponderance of the evidence that his complaint(s) to Mr. Tufano or Ms. Recio about age were the "but for" cause or determinative factor in JPMorgan Chase's decision to terminate Mr. Bagley's employment?

   **YES** ____   **NO** ____

   *If you answered "yes" please proceed to Question 4 on the next page.*
   *If you answered "no" please do nothing further and report to the Court.*

## PART TWO

*Complete the following questions ONLY IF you have answered "yes" to Questions 1,2, and 3.*

4. Do you find that Mr. Bagley proved by a preponderance of the evidence that he is entitled to an award of back pay?

    **YES** \_\_\_\_        **NO** \_\_\_\_

    **6a.** If you answered "yes" to Question 4 above, what amount of back pay should Mr. Bagley receive?

    $ _____

5. Do you find that Mr. Bagley proved by a preponderance of the evidence that JPMorgan Chase's action was willful in that JPMorgan Chase knew its conduct was prohibited by the federal Age Discrimination in Employment Act or showed reckless disregard as to whether its conduct was prohibited by that Act?

    **YES** \_\_\_\_        **NO** \_\_\_\_

*If you answer this question "yes" proceed to Question 6.*
*If you answer this question "no" please report to the Court.*

6. Did JPMorgan Chase prove by a preponderance of the evidence that it made a good faith effort to comply with the New York City Human Rights Law?

    **YES** \_\_\_\_        **NO** \_\_\_\_

*If you answer this question "yes" proceed to Question 7.*
*If you answer this question "no" please report to the Court.*

7. What amount of punitive damages, if any, do you award Mr. Bagley on his claim under the New York City Human Rights Law.

    $ _____

Foreperson, please sign and date the Verdict Sheet and announce by note that you have reached a unanimous verdict and are ready to return to the courtroom.

Date:   New York, New York
        November \_\_\_\_, 2012

_____
Jury Foreperson

Alternatively, if the Court were to find that the jury should consider whether Plaintiff's purported complaint about perceived age discrimination was a "motivating" or "contributing" factor,[1] Defendant respectfully submits this alternative verdict sheet without waiving any arguments against its use.

### **DEFENDANT'S ALTERNATIVE PROPOSED VERDICT SHEET**

*ALL JURORS* MUST AGREE ON THE ANSWERS TO THE FOLLOWING QUESTIONS. REFER TO THE COURT'S INSTRUCTIONS IN REACHING YOUR ANSWERS.

#### PART ONE

1. Did Mr. Bagley prove by a preponderance of the evidence that he complained about age discrimination to either Anthony Tufano or Mariela Recio?

    YES ____    NO ____

    *If you answered "yes" please proceed to Question 2.*
    *If you answered "no" please do nothing further and report to the Court.*

2. Did Mr. Bagley prove by a preponderance of the evidence that Eric Carr knew about his complaint(s) regarding age discrimination or was acting on behalf of others who had such knowledge at the time he made the decision to recommend that Mr. Bagley's employment with JPMorgan Chase be terminated?

    YES ____    NO ____

    *If you answered "yes" please proceed to Question 3 on the next page.*
    *If you answered "no" please do nothing further and report to the Court.*

---

[1] For the reasons set forth in Defendant's Trial Memorandum, it is respectfully submitted that the Court should use "but for" causation for all three statutes under which Plaintiff has brought suit.

5

475749 v1

3.  Did Mr. Bagley prove by a preponderance of the evidence that his complaint(s) to Mr. Tufano or Ms. Recio about age were the "but for" cause or determining factor in JPMorgan Chase's decision to terminate Mr. Bagley's employment?

    **YES** \_\_\_\_    **NO** \_\_\_\_

4.  Did Mr. Bagley prove by a preponderance of the evidence that his complaint(s) to Mr. Tufano or Ms. Recio about age discrimination were a motivating factor in JPMorgan Chase's decision to terminate Mr. Bagley's employment?

    **YES** \_\_\_\_    **NO** \_\_\_\_

*If you answered "yes" to Question 4, please answer Question 5.*

*If you answered "no" to Question 4, do not answer Question 5 and follow the instructions below.*

5.  Would JPMorgan Chase have terminated Mr. Bagley's employment for failing to complete staff evaluations regardless of his complaint(s) regarding age discrimination?

    **YES** \_\_\_\_    **NO** \_\_\_\_

***Instructions After Questions Are Answered:***

1.  If you answered "no" to Questions **3** and **4**, please do nothing further and report to the Court.

2.  If you answered "no" to Question **3** and "yes" to Question **5**, please do nothing further and report to the Court.

3.  If you answered "yes" to Question **3** or answered "yes" to Question **4** and "no" to Question **5**, please proceed to "PART TWO" on the next page.

## PART TWO

*Subject to the instructions above, please answer the following questions:*

6. Do you find that Mr. Bagley is entitled to an award of back pay?

    **YES** \_\_\_\_    **NO** \_\_\_\_

    6a. If you answered "yes" to Question 6 above, what amount of back pay should Mr. Bagley receive?

    $_____

7. If you answered "yes" to Question 3, do you find that Mr. Bagley proved by a preponderance of the evidence that JPMorgan Chase's action was willful in that JPMorgan Chase knew its conduct was prohibited by federal law or showed reckless disregard as to whether its conduct was prohibited by federal law?

    **YES** \_\_\_\_    **NO** \_\_\_\_

*If you answer this question "yes" proceed to Question 8.*

*If you answer this question "no" please report to the Court.*

8. Did JPMorgan Chase prove by a preponderance of the evidence that it made a good faith effort to comply with New York City Human Rights Law?

    **YES** \_\_\_\_    **NO** \_\_\_\_

*If you answer this question "yes" proceed to Question 9.*

*If you answer this question "no" please report to the Court.*

9. What amount of punitive damages, if any, do you award Mr. Bagley on his claim under New York City Human Rights Law.

    $ _____

Foreperson, please sign and date the Verdict Sheet and announce by note that you have reached a unanimous verdict and are ready to return to the courtroom.

Date:  New York, New York
           November \_\_\_\_, 2012

_____
Jury Foreperson

475749 v1
14867496v.1

| | |
|---|---|
| Dated: New York, New York<br>September 24, 2012 | Respectfully submitted, |
| VLADECK, WALDMAN, ELIAS &<br>ENGELHARD, P.C. | SEYFARTH SHAW LLP |
| By:  /s/ Milton Williams, Jr.<br>Milton Williams, Jr.<br>Jeremiah Iadevaia<br>1501 Broadway, Suite 800<br>New York, New York 10036<br>(212) 403-7300<br>mwilliams@vladeck.com<br>jiadevaia@vladeck.com | By:  /s/ Robert Whitman<br>Robert Whitman<br>John DiNapoli<br>620 Eighth Avenue<br>New York, New York 10018<br>(212) 218-5500<br>rwhitman@seyfarth.com<br>jdinapoli@seyfarth.com |
| *Attorneys for Robert Bagley* | JPMORGAN CHASE LEGAL &<br>COMPLIANCE DEPARTMENT |
| | By:  /s/ Stacey L. Blecher<br>Stacey L. Blecher<br>One Chase Manhattan Plaza, 26th Floor<br>New York, New York 10081<br>(212) 552-3814<br>stacey.l.blecher@chase.com |
| | *Attorneys for JPMorgan Chase & Co.* |

475749 v1